**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**6420 BENTONVILLE ROGERS, LLC** **PLAINTIFF/COUNTER-DEFENDANT**

**V.** **CASE NO. 5:25-CV-5060**
**MISC. NO. 5:26-mc-0171**

**FRISCO STATION, LLC** **DEFENDANT/COUNTER-CLAIMANT**

**and**

**FRISCO STATION, LLC** **THIRD-PARTY PLAINTIFF**

**V.**

**VANHOOSER HOLDINGS, LLC;**
**SAMARITAN COMMUNITY CENTER; and**
**BENTON COUNTY, ARKANSAS** **THIRD-PARTY DEFENDANTS**

**ORDER ON NON-PARTIES' MOTION TO QUASH**

Before the Court are non-parties Ralph Haymond and Haymond Insurance, Inc.'s Motion to Quash and Memorandum Brief (Docs. 171 & 172) and Frisco Station, LLC's ("Frisco") Response in Opposition (Doc. 174). The Court heard oral argument on the Motion at a hearing on October 26, 2026. The Court ruled from the bench, and this Order memorializes its rulings. To the extent the rulings in this Order differ from what was stated from the bench, this Order controls.

The Motion concerns a trial subpoena Frisco issued on October 13, 2026, and served on Mr. Haymond and Haymond Insurance on October 16, 2026. The subpoena demands two things. First, the subpoena demands that Mr. Haymond appear to testify at trial on October 28, 2026. Mr. Haymond argues that Frisco's subpoena should be quashed or at minimum modified as to the demand for his appearance at trial because, as

confirmed during the hearing, 6420 will be calling Mr. Haymond during its case-in-chief on the first day of trial, October 27, 2026, and Mr. Haymond has a personal conflict on October 28. *See* Doc. 172, p. 8. Therefore, the Motion is **GRANTED IN PART,** and the subpoena is **MODIFIED** to require Mr. Haymond's personal attendance at trial on October 27, 2026. Once he takes the stand, Mr. Haymond is called for all purposes.

Second, the subpoena demands that Mr. Haymond and Haymond Insurance produce documents (prior to trial) that are responsive to thirty-nine (39) separate categories of document requests. Mr. Haymond and Haymond Insurance argue Frisco's demand for document production imposes an undue burden on them as non-parties and fails to provide a reasonable time to comply. *See id.* pp. 5–8.

In many ways, it appears to the Court that Frisco's subpoena is being used as a discovery tool in a manner that would circumvent the discovery deadline established in the Court's Case Management Order. Furthermore, the sheer volume of Frisco's requests is incredibly burdensome, and many line-item requests are overly broad and vague. However, the Court also understands Frisco's desire to obtain, introduce, and/or interrogate some of these documents at trial (due to an admittedly inaccurate statement in Wendee Richards's affidavit). Therefore, with this understanding, but also taking into account the factual stipulations 6420 and Frisco agreed to on the record during the hearing (as outlined in the simultaneously filed Order on Frisco's Motion for Sanctions), the Motion is **GRANTED IN PART AND DENIED IN PART** as to document production. All insurance documents are fair game. The Court will not let 6420 raise "untimeliness" as an objection to the introduction of authentic insurance policies, declarations, endorsements, etc. Furthermore, when he presents himself for testimony at trial, Mr.

Haymond must bring with him documents responsive to the following line-item requests for production as enumerated in the subpoena:

- Items 6, 7, and 8, except that for Instruction 8, the Court strikes the terms "wholesaler" and "managing general agent" as too broad and ambiguous;

- Items 24 and 29, with 29 amended as follows: "Produce every version of Exhibit 59 as defined in Definition 20 that is in Haymond's possession, custody, and/or control";

- Item 30, which is amended as follows: "For each Exhibit 59 endorsement, produce records showing when it was first requested, quoted, submitted to a carrier, approved, issued, or made effective";

- Item 31, which is amended as follows: "All communications between Haymond and 6420 regarding 6420 requesting that Frisco be added as an additional insured."; and

- Item 38.

To the extent not otherwise produced with the line items above, the Court further **MODIFIES** the subpoena to require that Mr. Haymond and/or Haymond Insurance produce: (1) All documents that Wendee Richards relied on in preparing paragraph 7 of her affidavit dated July 27, 2026, and paragraphs 9 and 10 of her affidavit dated October 23, 2026; and (2) all documents that Mr. Haymond reviewed and otherwise relied on in preparing paragraphs 7, 8, 11, and 12 of his affidavit.

**IT IS SO ORDERED** on this 26th day of October, 2026.

TIMOTHY L. BROOKS
CHIEF UNITED STATES DISTRICT JUDGE