**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**6420 BENTONVILLE ROGERS, LLC PLAINTIFF/COUNTER-DEFENDANT**

**V. CASE NO. 5:25-CV-5060**

**FRISCO STATION, LLC DEFENDANT/COUNTER-CLAIMANT**

**and**

**FRISCO STATION, LLC THIRD-PARTY PLAINTIFF**

**V.**

**VANHOOSER HOLDINGS, LLC;**
**SAMARITAN COMMUNITY CENTER; and**
**BENTON COUNTY, ARKANSAS THIRD-PARTY DEFENDANTS**

## ORDER

This matter is set for a bench trial beginning tomorrow, October 27, 2026. Before the Court are Defendant Frisco Station, LLC's ("Frisco's") Emergency Motion for Sanctions (Doc. 166) and Plaintiff 6420 Bentonville Rogers's ("6420's") Response in Opposition (Doc. 174). The Court heard oral argument on the Motion at a hearing on October 26, 2026. The Court ruled from the bench, and this Order memorializes its rulings. To the extent the rulings in this Order differ from what was stated from the bench, this Order controls.

Frisco filed the instant Motion after discovering that an affidavit (signed by insurance agent Wendee Richards), that 6420 submitted alongside its summary judgment sur-reply, contained an inaccurate statement. *See* Doc. 91-2. Signed on July 27, 2026, Paragraph 7 of the affidavit read that 6420's "insurance policy names Frisco Station, LLC as an additional insured." That was inaccurate; "[r]ecords that Frisco obtained through a

trial subpoena to 6420's liability insurer" revealed that 6420's insurance carrier issued a certificate evidencing that Frisco had been added as an additional insured to its liability insurance effective July *28*, 2026. *See* Doc. 166, pp. 3, 8–11. Until that date, Frisco was not expressly named as an additional insured on any of 6420's liability insurance policies.

During the hearing, at the Court's invitation, 6420 and Frisco stipulated to ten undisputed facts:

1. 6420 maintained a commercial general liability policy providing for $1 million coverage per occurrence for the November 2022–November 2023 policy year.

2. 6420 maintained a commercial general liability policy *and* an excess liability policy with aggregate liability coverage in the sum of $3 million or more per occurrence for each policy year from November 2023 to the present.[1]

3. On February 29, 2024, Frisco's counsel sent a letter to 6420's counsel. The letter was to serve as a notice of default and specifically requested proof that Frisco was listed as an additional insured as required by Paragraph 3(c) of the Parking Easement Agreement.

4. 6420 did not provide such proof within the stated 30-day period as requested in the notice of default letter and as required by the cure provisions of the Parking Easement Agreement.

5. Frisco issued a termination letter dated April 17, 2024, citing, among other reasons, 6420's failure to provide proof of Frisco's status as an additional insured, as a basis for the termination of the Parking Easement Agreement.

6. Sometime in February of 2025, 6420 asked its insurance carrier to add Frisco as an additional insured. The underwriter asked for more information.

7. On July 27, 2026, 6420 made another inquiry of its carrier about getting Frisco named as an additional insured and requesting proof of the same.

[1] In making these stipulations, Frisco does not agree that 6420's insurance policies provided liability coverage for incidents occurring in the parking lots at issue in this litigation.

8. On July 28, 2026, 6420's insurance carrier issued a certificate evidencing that Frisco had been added as an additional insured to 6420's liability insurance, effective July 28, 2026.

9. Prior to July 28, 2026, Frisco was not a named additional insured on any of 6420's liability insurance policies.

10. Paragraph 7 of Wendee Richards's affidavit dated July 27, 2026, is inaccurate.

Frisco's Motion can be distilled into two primary requests. First, Frisco argues that the Court should find that 6420 materially breached the Parking Agreement by violating its insurance provision and declare that Frisco validly terminated the Parking Agreement, i.e., enter judgment in favor of Frisco on Count II of the Countercomplaint.

Although the parties' stipulations resolve several factual matters, others remain unresolved. Namely, the materiality of 6420's breach of the Parking Easement Agreement and whether forfeiture is an appropriate remedy remain questions of fact to be taken up at trial. Since there remains a genuine dispute of material facts, the Court declines Frisco's invitation to revisit its prior rulings. Therefore, the Motion is **DENIED** to the extent it asks the Court to enter judgment for Frisco on Count II of the Countercomplaint.

The second request in the Motion is for the Court to impose sanctions against 6420. After reviewing the parties' briefings and hearing their oral arguments, the record before the Court fails to support a finding of sanctionable behavior by 6420 or any other party given 6420's and Ms. Richards's explanations regarding Paragraph 7. *See* Docs. 174, pp. 3–4; 174-1. However, if Frisco believes the evidence adduced at trial establishes a sufficient factual predicate for sanctions against any party, the Court invites Frisco to renew its motion. Therefore, the Motion is **DENIED WITHOUT PREJUDICE** as to imposing sanctions.

**IT IS SO ORDERED** on this 26th day of October, 2026.

__________________________________
TIMOTHY L. BROOKS
CHIEF UNITED STATES DISTRICT JUDGE